UNITED STATES CIRCUIT COURT
MIDDLE DIVISION OF FLORIDA
TAMPA DIVISION

LAURA THACKER
JULIAN THACKER
and JOSEPH THACKER
and Unknown addl Victims,
PLAINTIFFS

CASE NO. 8:05-CV-1704-T-17TBM

JURY TRIAL REQUESTED

V.

CITY OF TAMPA FLORIDA,
DEFENDANT

COMPLAINT AND DEMAND FOR JURY TRIAL
Page 1 of 6

COME NOW, the Plaintiffs, Laura Thacker, pro se and serving as NEXT BEST FRIEND for her minor children Julian and Joseph Thacker respectfully requesting redress in the following matters. Plaintiffs state one count of this matter has far-reaching consequences involving the entire community of Tampa, especially our children. The second and other counts of the matter are areas of great personal concern to Plaintiffs as it involves threats made by City of Tampa employees directed towards Plaintiffs which have greatly affected the quality and peace of mind of our daily lives. Plaintiffs diligently pursued alternate avenues of recourse with no satisfaction and feel there is no choice but for the court to address these issues and demand fair compensation for any victims of these abuses. Plaintiff also states that she is protected under the Americans with Disabilities Act and that throughout this process from August 13, 2005 to the present moment has made all City of Tampa employees and others involved in this matter aware of this fact to no avail.

PARTIES, JURISDICTION AND VENUE

1. This is an action for damages that exceeds One Hundred Thousand Dollars ($100,000.00) and unknown sums to unknown victims against Defendant, City of Tampa, excluding attorneys' fees, prejudgment interest and costs.

2. At all times material herein Plaintiffs were residents of Tampa, FL in Hillsborough Cty.



1

3. At all times material herein, the Defendant, City of Tampa and it's employees involved in this matter were representing their respective agencies under the color of State and local law. Representatives of Walmart were acting in lieu of and in conjunction with licensed Law Enforcement Officers.

4. Plaintiffs allege that on the afternoon of August 13, 2005 Walmart and Tampa Police Dept. (hereinafter referred to as TPD) did willfully and illegally engage in luring, entrapping and then violating the Civil Rights of her minor son, Julian and did unlawfully detain Julian, herself and her younger son.
The fourth amendment is implicated "whenever a police officer accosts an individual and restrains his freedom to walk away." Cell-phone records and conversations with Attorneys would indicate that Plaintiffs were detained for well over an hour before the baseless arrest and malicious prosecution of Julian began.
A cause of action for malicious prosecution under 42 U.s.C. 1983 does not have to involve prosecution of a criminal violation.
**Statute 777.201 states:**
**) A law enforcement officer, a person engaged in cooperation with a law enforcement officer, or a person acting as an agent of a law enforcement officer perpetrates an entrapment if, for the purpose of obtaining evidence of the commission of a crime, he or she induces or encourages and, as a direct result, causes another person to engage in conduct constituting such crime by employing methods of persuasion or inducement which create a substantial risk that such crime will be committed ...**

5. Plaintiffs allege that Walmart and TPD and other City of Tampa employees violated their Civil rights under the Americans with Disabilities Act. Each party was duly and immediately informed of this condition and did willfully, intentionally and cruelly unneccessarily continue to exploit the issue and inflict further pain, trauma and added misery on this family.

6. Plaintiffs state that as lifetime residents of the City of Tampa this case should be protected under "Whistleblower" laws as this matter affects all fellow citizens of Tampa and should have been exposed by another citizen long before this moment. It is as yet unknown how many other citizen complaints have been ignored by TPD and administration in
the City of Tampa.

7. Plaintiffs avow that this scenario evoked pain, trauma, undue humiliation and embarrassment causing Plaintiff's condition to escalate terribly, evoking great heartache and terrible suffering where healing was beginning. This was further exacerbated by the serial ignoring of this serious matter as Plaintiffs attempted to bring the matter to the attention of someone in authority.

8. Plaintiffs allege that Walmart and City of Tampa TPD conspire and endeavor to entrap and victimize young persons and their families and believe research will show that Walmart and TPD have long been involved in a racketeering scheme with a dual purpose: make money for the City and support the Courts and "programs" resulting from this racketeering. FLORIDA STATUTE 895.03 states: It is unlawful for any person who has with criminal intent received any proceeds derived directly or indirectly, from a pattern of

2

racketerring activity or through the collection of unlawful debt to use or invest, whether directly or indirectly, any part of such proceeds, or the proceeds derived from the investment or use thereof, in the acquisition of any title to, or any right, interest or equity in, real property or in the establishment or operation of any enterprise. The second purpose of course would be that of selectively persecuting/prosecuting the young victim and their family both civilly and criminally.  From each alleged "shoplifting" occurrence Walmart stands to realize a gross profit of over 500.00 no matter the dollar value of merchandise alleged to be stolen.  WAlmart policy states that any child eight (8) years of age or older who allegedly steals an item with a retail value of (3!!) three dollars !! will be handcuffed and led off to the Juvenile Assessment Center. The City of Tampa supports this vile practice by hearing only one side of the story: WALMART;there can only be several reasons for this and none of them are beneficial to the citizens or the community of Tampa.  The question to be investigated: who is profiting at the expense of our children and this needless burden on the legal system?

9. Plaintiffs state that Walmart and the City of Tampa intend to engage in Malicious Prosecution of Plaintiff and in the past have maliciously prosecuted unknown other victims.

9. Plaintiffs allege There are more than several factual errors in a six-line police report; a fifty percent error rate.

10. Plaintiff states that Walmart employees were extremely misleading about the matter. Completely dishonest in every aspect as the videotape will reveal.

11.Plaintiff alleges that Walmart entraps any hapless kid and parent they can set up and that a store which is  allowed to arbitrarily choose to burden a young person with a criminal record should not be welcome in any community.

12. Plaintiff states that throughout the entire debacle Walmart and TPD and the Juvenile Assessment center had a lot of "PAT" and misleading answers making the false arrest and malicious prosecution sound like no big deal, or threatening jail time if Plaintiff didn't sign up for their "program" that it became very obvious it had been a "racket" for some time.


Abuse of Power

1.Plaintiffs allege that on August 13, 2005 TPD did willfully and intentionally threaten Plaintiffs without reason.  Plaintiffs state that the manner in which they were threatened and ridiculed is not acceptable in any situation except among gang members, perhaps.

2. Plaintiffs allege that on August 13, 2005 and in witnessed and documented incidents thereafter the City of Tampa through TPD and other employees did abuse their authority repeatedly while utilizing County and City vehicles and facilities and did do this in an ongoing and organized effort to intimidate, harass and frighten Plaintiff, her children and her extended family as part of a chain of events that will have to exist outside the

boundaries of this case, perhaps in another pleading to the Court. This is not the first spate of or the beginning of these incidents but in this case the sanctity of my home and the saftey of my family was threatened by a Tampa Police OFficer who has the direct or indirect access to those who can carry out these threats against my family.

3. Upon the advice of the ACLU and our attorney on Aug 19, 2005 after many upsetting days and incidents Plaintiffs contacted the Internal Affairs Dept.(hereinafter referred to as IAD) This IAD officer issued worse threats against Plaintiffs than the officer at the original Walmart scene, which was predictable considering the reputation of IAD and Plaintiff's attorneys' commentary that "all those cops would just get together and start lying."

4. Plaintiffs state that IAD coaxed and wheedled them to come in person to IAD so (in the detective's words) that the complaint could be filed and an investigation started and so that Plaintiff could retrieve a videotape of the scene from Walmart. The detective stated that he was filling out the form but that Plaintiff would have to come and sign it. Once arrived it was clear that Plaintiff was only being threatened further with repeated comments involving family members and invoking threats against Plaintiffs.

5. Plaintiff states that the reaction of Chief Hogue's office and the Mayor's Office was nearly comically identical: "The investigation was completed to the satisfaction of IAD" Since there wasABSOLUTELY NO investigation this is just out and out dishonesty on the part of these City employees.

6. Plaintiff states that she can document all these incidents and further evidence if needed of the collusion of the City employees to defend themselves and their misdeeds and then to cover up any problems by silencing the victim. Plaintiff states that when the answer was the same from everyone she brought this frightening issue to she recognized "stonewalling" as the tactic they were utilizing so moved on to other approaches to air the matter

7. Plaintiffs allege that Walmart and TPD interfered with their rights to due process

8. Plaintiff also states that she would prefer to allow the employees to remain anonymous so as not to do more damage to another individual and further tarnish the reputation of Tampa but firmly believes she and her chldren are

a. entitled to compensation for the grief and abject misery foisted upon them by TPD
b. entitled to be allowed to resume their daily lives without fear of the police and the REPEATED threats that were made and also compensated for loss of pleasure and for abject fear caused by this incident
c. entitled to compensation to alleviate the suffering caused by damage to the reputation of Plaintiff
d. entitled to compensation allowing for the relocation of Plaintiffs to another venue as it has been made clear we are persona non grata here in Tampa and Hillsborough Cty.

Plaintiff states there are no protections from the Police and NO police protection; Plaintiff fails to see how persons under vendetta can live at peace in such an environment.
e. action taken to prevent this from happening to any other families on an outing to buy some new shoes.
f.. Compensation for the cost of suit including an award of reasonable attorneys' fees and costs
g. For such other and further relief as may be just and proper.
h. Plaintiffs are entitled to compensation to help them achieve some level of safety from "terrible accidents", further false arrests and entrapments and having children removed from parental custody or being arrested "for whatever reason I want to" as stated by the Officer.
Plaintiffs hereby demand a trial by jury and a judgment against the Defendant, City of Tampa, as stated above.
It is truly frightening that the Police in Tampa seem to have no one who will take responsibility for the "loose cannons" employed by same. This must be painful and sickening to the fine officers among them

Let this serve as a matter of public record that Plaintiffs now live in fear of TPD and other City of Tampa employees because Tampa Police Officers and other City employees have threatened Plaintiffs, our family, lifestyle, the sanctity of our home and children and personal vehicle and generally caused Plaintiffs to feel that we are unsafe in our home and car.. These threats were sanctioned by the highest Administrative office in this city Further incidents reinforced the fact that I should be frightened of this officer and his/her cohorts' and superiors' power to affect the future well-being, health, wealth and liberty of myself and my two minor children and my extended family.
Like so many other decent Tampa citizens I realize Tampa is quickly becoming a place where decency is scarcely recognized, certainly not encouraged; and this is widely sanctioned by some city authorities.

Plaintiffs pray to and rely upon the Court for relief in these matters.
Injunctive relief sought.

JURY DEMAND

Plaintiffs demand a trial by jury of all issues in this action.

Dated September 11, 2005

Respectfully submitted,

By: *[signature]*
Laura Thacker,
Pro Se
8422 N Arden Ave.
Tampa, FL 33604-1611
Phone 813/679-5341